IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Walter W. Cartwright, III, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dave Krabbenhoft, et al., ) | Case No. 1:22-cv-025 |
| ) | |
| Defendants. ) | |

    Before the court are a motion to produce and motion to compel discovery filed by plaintiff on May 12, 2022. (Doc. Nos. 22,23). Plaintiff is requesting that defendants produce certain documents. (Doc. No. 22). Additionally he is requesting the court to compel "the Prison Litigation office . . to obtain defendant's full names and addresses from Department of Correction and legal Affairs Unit and send then service waivers, and to arrange for service by Marshals on any defendant who fails to return waiver, and to respond to this within 30 days." (Doc. No. 23). This is the second such request filed by plaintiff; the undersigned denied his first request without prejudice as an initial review of plaintiff's complaint was still in process. (Doc. Nos. 14, 16).

    The undersigned has completed an initial review of plaintiff's complaint as mandated by 28 U.S.C. § 1915A and on May 2, 2022, issued a report recommending that it be dismissed in part. (Doc. No. 18). Plaintiff has to date not filed an objection or otherwise responded to the report and recommendation. His deadline for filing objections to the report and recommendation is May 20, 2022. (Id.). As the court has yet to address the report and recommendation, his motions to compel and produce are premature.

    Assuming that the court adopts the report and recommendation in whole or in part, it will direct the Clerk's office to effectuate service of the summonses and complaint in accordance with

1

Fed. R. Civ. P. 4. Upon receipt of the complaint, will be afforded time to file an answer or otherwise respond. See Fed. R. Civ. P. 12(a)(1). Thereafter, the parties will be given time to confer and submit proposed scheduling plans. See Fed. R. Civ. P. 26(f). Only after the court has reviewed the parties' scheduling plan and issued a scheduling order will plaintiff be permitted to commence discovery. See Fed R. Civ. P. 26(d)(1) (providing relevant part that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, stipulation or court order.").

Once the court has issued its scheduling order, plaintiff should take heed of Rule 37 before filing motions to compel. Rule 37 of the Federal Rules of Civil Procedure requires the party moving for an order compelling disclosure or discovery to certify that he or she "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." See Fed. R. Civ. P. 37(a)(1). It further provides that a party seeking discovery may move for an order to compel if the other party fails to make disclosures required by Rule 26(a), fails to answer interrogatories submitted under Rule 33, or otherwise fails to respond to any discovery requests. See Fed. R. Civ. P. 37(a)(3). The court will not typically involve itself in the discovery process unless a dispute arises between the parties that cannot be resolved without court intervention.

Accordingly, plaintiffs' motions (Doc. Nos. 22, 23) are **DENIED** without prejudice.

I**T IS SO ORDERED.**

Dated this 16th of day May, 2022.

                                                    */s/ Clare R. Hochhalter*
                                                    Clare R. Hochhalter, Magistrate Judge
                                                    United States District Court