IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Walter William Cartwright, III, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTIONS FOR** |
| ) | **RECUSAL AND FOR LEAVE TO FILE** |
| vs. ) | **AN AMENDED COMPLAINT** |
| ) | |
| Dave Krabbenhoft, et al., ) | Case No. 1:22-cv-025 |
| ) | |
| Defendants. ) | |

On March 3, 2023, Plaintiff filed a "Motion for Recusal Pursuant to 28 U.S.C. 455(a), Motion to Assign a Different Judge, and Motion to Transfer Venue." (Doc. No. 59). He also filed a "Motion for Leave to Amend and Proposed Amended Complaint." (Doc. No. 61). For the reasons that follow, both motions are denied.

**I.   BACKGROUND**

On June 24, 2022, the Court issued an order adopting the undersigned's Report and Recommendation[1] over Plaintiff's objection and dismissing Plaintiff's first, second, and third claims in their entirety with prejudice; dismissing Plaintiff's request for an award of monetary damages from Defendants in their official capacities with prejudice; dismissing Plaintiff's claims in their entirety as they pertained to one of the named Defendants; and denying Plaintiff's request for a temporary restraining order. (Doc. No. 28). It allowed Plaintiff to proceed with his fourth claim

---

[1] The case was directly assigned to District Judge Daniel L. Hovland, who referred Plaintiff's complaint and Defendant's motion to the undersigned for preliminary review. See 28 U.S.C. § 636(c); see e.g., First Union Mortg. Corp. v. Smith, 229 F.3d 992, 995 (10th Cir. 2000) ("[W]here the parties did not consent to proceeding before the magistrate judge... the district court may designate a magistrate judge to consider various matters." (internal citations omitted)).

1

against the remaining Defendants.

On February 22, 2023, the Court issued an order adopting the undersigned's Report and Recommendation over Plaintiff's objection and denying Plaintiff's motion for a preliminary injunction, denying Plaintiff's motion for default judgment, and granting Defendants' motion to dismiss Plaintiff's fourth claim in its entirety. (Doc. No. 50).

On February 23, 2023, Plaintiff filed a motion requesting "the appointment of counsel to represent him in the above case or even for the limited purpose of amending his complaint" on the ground that could not "put a complaint together properly" due his diminished capacity. (Doc. No. 52). For support, he provided a letter from a doctor who had examined him in 2017. In this letter, the doctor expressed his opinion regarding Plaintiff's competency to stand trial in two criminal cases in the State of Missouri. (Doc. No. 53).

On February 24, 2023, the undersigned issued an order denying Plaintiff's motion for the appointment of counsel as the Court had dismissed what remains of this action. (Doc. No. 54).

On March 3, 2023, Plaintiff filed: (1) a "Motion for Relief from Judgment or Order Under Rule 60(b)(6)"; (2) a "Motion for Recusal Pursuant to 28 U.S.C. 455(a), Motion to Assign a Different Judge and Motion to Transfer Venue"; and (3) a "Motion for Leave to Amend and Proposed Amended Complaint." (Doc. No. 58, 59, and 61).

On March 7, 2023, the Court issued an order denying Plaintiff's "Motion for Relief from Judgment or Order Under Rule 60(b)(6)," opining:

> In the motion, the Plaintiff seeks reconsideration of the Court's Order (Doc. No. 50) adopting Magistrate Judge Hochhalter's report and recommendation (Doc. No. 47) and the dismissal of his case. The Plaintiff contends he should have been appointed counsel. However, he has demonstrated no right to counsel in this PLRA case and his submissions are clear and articulate. The Plaintiff also contends he should have been allowed to file an amended complaint. However, the Court has already rejected

> this argument in its order adopting the Report and Recommendation. The Court remains convinced any attempt to amend the complaint would be futile.
>
> The Court has carefully reviewed the entire record and finds there has been no mistake or manifest error of law that would warrant the granting of a motion to reconsider.

(Doc. No. 62).

## II. DISCUSSION

### A. "Motion for Recusal and Motion to Assign a Different Judge and Motion to Transfer Venue"

As noted above, the undersigned issued reports and recommendations in this case that were adopted by the Court over Plaintiff's objection. (Doc. Nos. 18, 19, 26-28, 47, 48, 50). On February 24, 2023, the undersigned issued an order denying Plaintiff's motion for appointment of counsel filed after the Court had dismissed this action. (Doc. No. 52 and 54).[2] The undersigned recently issued an order to show case and orders denying Plaintiff's motions for court-appointed counsel in another civil action that he has filed, Cartwright v. Jane Doe, Case No. 1:23-cv-013 (D.N.D.) (hereafter referred to as "Cartwright II") at Doc. Nos. 11, 12-14. The undersigned also recently ordered Defendant detained pending trial in his federal criminal case, United States v. Cartwright, Case No. 1:22-cr-081 (D.N.D) at Doc No. 38. Plaintiff asserts that these decisions evince the undersigned's bias against him and require both the undersigned's recusal and a change of venue to a different division.

> 1.) The Honorable Judge Clare R. Hochhalter was assigned to both civil actions that Mr. Cartwright had initiated in the Federal Court and has been handling matters in Mr. Cartwright's Federal criminal case. He held Mr. Cartwright's detention hearing on February 23, 2023, and had recently recommended dismissal of his 1983 claim, case no. 1:22-cv-025. He's also taking action

---

[2] On February 28, 2023, Plaintiff filed a "Motion for Appointment of Counsel, Guardian Ad Litem or Conservator Under Rule [17(c)] and Motion to Stay Litigation." (Doc. No. 55). The Court issued an order on March 2, 2023, deeming the motion moot. (Doc. No. 57).

3

    in Mr. Cartwright's other 1983 claim, case no. 1:23-cv-013.

2.)  The Honorable Judge Clare R. Hochhalter mentioned Mr. Cartwright's Federal criminal case in his report and recommendation pertaining to civil case no. 1:22-cv-025. His direct participation in both Mr. Cartwright's criminal and civil cases, along with the comments creates the idea of a bias opinion of Mr. Cartwright and he should recuse himself from all actions either brought by Mr. Cartwright or brought by the Government.

3.)  The Honorable Judge Clare R. Hochhalter controlled whether or not Mr. Cartwright was released on pretrial release in criminal case no. 1:22-cr-081. Mr. Cartwright's inmate status means that restrictions are placed on him during the litigation in both of his 1983 claims. If the Honorable Judge Clare R. Hochhalter were to release Mr. Cartwright, he would also be lifting the restrictions placed on Mr. Cartwright by the P.L.R.A.

4.)  The Honorable Judge Clare R. Hochhalter cannot say his decision not to release Mr. Cartwright was not effected by his direct knowledge of Mr. Cartwright's inmate status and what it would mean in regards to how the court would have to handle his civil actions if released and no longer under the P.L.R.A.

5.)  In civil action 1:23-cv-013 the defendant has not been served a summons to appear in court has not gave consent for the Magistrate to handle that matter. Mr. Cartwright had previously gave consent for this matter to be handled by the Magistrate bud demands that his consent be withdrawn.

              * * *

7.)  The Honorable Judge Clare R. Hochhalter's conduct displays a deep-seated favoritism to all the defendants in Mr. Cartwright's civil actions. He has avoided following relevant law under Rule 17(c)(2) that pertains to appointing counsel, guardian ad litem and conservator to protect the rights of Mr. Cartwright who had been found incompetent. He's aware of this rule and has proceeded to handle Mr. Cartwright's case without giving Mr. Cartwright the benefit of counsel. He should of recused himself whenever he received information from extra judicial sources. During Mr. Cartwright's detention hearing for his Federal case Jeremy Ensrud the Federal attorney for the government informed the Honorable Judge Clare R. Hochhalter that Mr. Cartwright has 20 years of criminal history, a crime of violence, substance abuse problems that have not been addressed, and that list went on and on.

8.)  This would lead a reasonable person to question the Honorable Judge Clare R. Hochhalter's impartiality. He's developed a bias from extrajudicial

        sources and continues to display an antagonism opinion toward Mr. Cartwright by denying him relief in his civil rights and denying him pretrial release in his Federal case based on information from other sources and not relevant here.

9.)     The Honorable Judge Clare R. Hochhalter voided his legal duty to protect Mr. Cartwright's rights.

10.)   Recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality. United States v. Gamboa, 439 F.3d 796, 817 (8th Cir. 2006).

11.)   Under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had involvement in a criminal decision regarding the defendant's case.

12.)   The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merit on some basis other than what the Judge learned from his participation in the case. Berger v. United States, 255, U.S. 22, 31.

13.)   Under 28 U.S.C. § 1404(B) a civil action be transferred from the division in which it is pending to any division in the same district upon motion, stipulation, or consent of the parties.

14.)   Pursuant to 28 U.S.C. § 636(b)(1)(A) a Judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has shown that the magistrate judge's order is clearly erroneous or contrary to law. See also Fed. R. Civ. P. 72(a).

(Doc. No. 59).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with

knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 940 (9th Cir.1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984) (citations omitted)).

As this case has been dismissed, Plaintiff's motion is arguably moot. In any event, the undersigned's recusal is neither necessary nor required as no reasonable person armed with all of the facts would conclude that the undersigned has harbored any bias against Plaintiff.

Plaintiff was in custody when he initiated both and the instant action and Cartwright II. Consequently, he remains subject to the requirements of the Prison Litigation Reform Act ("PLRA") regardless of his custodial status in his pending criminal case. See Jackson v. Ward Cnty. Offs., No. 1:12-CV-017, 2012 WL 3135376, at *2 (D.N.D. Mar. 27, 2012), report and recommendation adopted sub nom. Jackson v. Thompson, No. 4:12-CV-017, 2012 WL 3135409 (D.N.D. Aug. 1, 2012); see also Johnson v. Hill, 965 F. Supp. 1487, 1488 n. 2 (E.D. Va.1997) ("[T]he court finds that it must still conduct a section 1915A screening, for two reasons. First, plaintiff was a prisoner at the time he filed this action. Second, the suit was brought by plaintiff in his capacity as a prisoner; that is, it advances his concerns about alleged misconduct by prison officials and injuries received at the hands of another inmate."); Michalski v. Krebs, No. 09–492, 2010 WL 1032647 at *1 (S.D. Ill. March 17, 2010) ("At the time Plaintiff submitted this complaint, he was still confined at the Centralia Correctional Center and, therefore, the provisions of 28 U.S.C. § 1915A apply to his complaint."). Plaintiff's assertions that the undersigned's detention order in his criminal case informed the recommendations/decisions in his civil cases or vice versa and that he would have been freed of the PLRA's requirements if he had been released pending trial in his criminal case are therefore specious.

Plaintiff is correct that the undersigned did mention his criminal case in the most recent report and recommendation. However, he conveniently neglects to mention the context in which his criminal case was mentioned. Plaintiff had requested preliminary and permanent injunctive relief from individuals at the North Dakota State Penitentiary ("NDSP") and the North Dakota Department of Corrections and Rehabilitation ("NDDOCR"). Specifically, he sought a Court order directing NDSP and NDDOCR staff to immediately provide him with medical treatment he had previously requested but had allegedly been denied. The undersigned recommended that the Court deem his requests for injunctive relief moot as it could take judicial notice of Plaintiff's pending federal criminal case and the fact that he was no longer incarcerated at the NDSP or in the custody of the NDDOCR. (Doc. No. 47) ("Plaintiff was in NDDOCR custody at the NDSP when he initiated this action. The record reflects that he has since been released from NDDOCR custody and is currently incarcerated at the Ward County Detention Center in Minot, North Dakota, awaiting trial on state charges. As he is no longer incarcerated at the NDSP, Defendants are no longer providing for his medical care. There appears to be little prospect that he will be returning to the NDSP in near future. His requests for preliminary and permanent injunctive relief against Defendants may be therefore be dismissed by the Court as moot."). It is well-settled that a court "can sua sponte take judicial notice of its own records and files, and facts which are part of its public records" and that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." Jacob v. Cotton, No. 4:20CV3107, 2021 WL 130953, at *1 n.1 (D. Neb. Jan. 14, 2021) (citing United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981)).

Plaintiff also conveniently neglects to mention that he was afforded an opportunity to file an objection to the undersigned's report and recommendation, that he did in fact file an objection,

7

and that the Court did not find his objection to be particularly persuasive as it adopted the undersigned's recommendation and dismissed the remainder of Plaintiff's claims. (Doc. Nos. 47, 48, and 50).

Plaintiff raised the issue of his diminished capacity/competency in the motions for the appointment of counsel that he filed after the Court had dismissed this action. (Doc. Nos. 52). His assertion that he has been found incompetent is unsupported by the record. At present all that Plaintiff has submitted is an opinion letter issued by a physician in 2017 about his competency to stand trial in two separate Missouri cases. (Doc. No. 53). It is unclear what if any weight this opinion was given as Plaintiff has provided no information regarding the disposition of his two Missouri cases. There is also a dearth of evidence to indicate that Plaintiff was found incompetent by any court or is currently receiving treatment for any medical illness or condition. Again, the opinion letter submitted by Plaintiff is dated 2017 and therefore sheds no light on his current condition.

Plaintiff's request for the undersigned's recusal appears to boil down to his disagreement with the undersigned's rulings and recommendations. Such dissatisfaction is not demonstrative of bias and is not a valid basis for recusal, however. See e.g., Leonard v. Monroe Cnty. Fla., 789 F. App'x 848, 851 (11th Cir. 2019) ( "[A] judge's adverse ruling -- without more -- is insufficient to demonstrate the requisite pervasive bias and prejudice against a party that would mandate recusal."). The United States Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Moran v. Clarke, 296 F.3d 638, 649 (8th Cir. 2002) ("[a]n unfavorable judicial ruling... does not raise an inference of bias or require the trial judge's recusal").

In sum, the undersigned's report and recommendations and orders in this case and in Plaintiff's other cases are not demonstrative of bias or partiality. Consequently, Plaintiff's motion for recusal, reassignment, and change of venue is denied.

### B. Motion to Amend Complaint

Plaintiff filed a motion for leave to file an amended complaint after the Court had dismissed this action. He requests leave to file an amended complaint as to Patricia Youngbird in her official capacity. He makes no reference to any of the other defendants he had previously named. As the Court has dismissed all of Plaintiff's claims and denied his motion for reconsideration, his motion for leave to file an amended complaint is denied.

### III. CONCLUSION

Plaintiffs "Motion for Recusal Pursuant to 28 U.S.C. 455(a), Motion to Assign a Different Judge, and Motion to Transfer Venue" (Doc. No. 59) and "Motion for Leave to Amend and Proposed Amended Complaint" (Doc. No. 61) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court